UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* SAMANTHA GATES, and VANESSA PAWLAK, | Case No. 2:19-cv-10941 Honorable Stephanie Dawkins Davis Mag. Judge David R. Grand |
| Plaintiffs, | |
| v. | |
| CENTRIA HEALTHCARE, et al. | |
| Defendants. | |
| _____/ | |

**THE UNITED STATES' STATEMENT OF INTEREST
IN RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

The United States submits this Statement of Interest, pursuant to 28 U.S.C. § 517, to address two issues raised in the Motions to Dismiss filed by Defendants on March 31, 2020. (ECF Nos. 31, 32.) First, the United States requests that, in the event the Court dismisses Relators' Complaint, any such dismissal be without prejudice to the United States. Second, the United States seeks to clarify statements Defendants made in their motions to dismiss regarding the United States' investigation into Relators' allegations. Each of these issues is discussed below. The United States otherwise takes no position at this time concerning the sufficiency

of the allegations set forth in Relators' Complaint or the merits of the Defendants' motions to dismiss.

**I.    ANY DISMISSAL OF RELATORS' COMPLAINT SHOULD BE WITHOUT PREJUDICE TO THE UNITED STATES**

Should this Court dismiss Relators' Complaint, such dismissal should be without prejudice to the United States. Defendant Centria Healthcare's Motion to Dismiss requests that the Court "[d]ismiss[] Relators' Complaint in its entirety with prejudice." (ECF No. 31. at 2.) The individual Defendants request that the Court "[d]ismiss[] Relators' Complaint with prejudice." (ECF No. 32 at 2.) Neither motion is clear regarding whether it is seeking to dismiss the claims with or without prejudice to the United States' interests in this matter. Regardless, the United States respectfully submits that any dismissal of Relators' Complaint should be without prejudice to the United States. *See United States ex rel. Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 455-56 (5th Cir. 2005) (holding it was improper to dismiss claims with prejudice as to the United States in a declined *qui tam* False Claims Act case that the district court dismissed as deficient under Rule 9(b)); *United States v. Wal-Mart Stores East, LP*, No. 13-10568, 2019 WL 3936393, at *1 n.2 (E.D. Mich. Aug. 20, 2019) (dismissing Relator's claims in a declined FCA *qui tam* matter but noting that the dismissal is without prejudice as to the United States).

The False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, is designed to help the United States recover losses due to fraud and false claims on the Treasury. Under the *qui tam* provisions of the FCA, 31 U.S.C. § 3730, a relator files his complaint under seal, and the United States has the option of intervening or declining in relator's allegations. 31 U.S.C. § 3730(a)(4). On March 29, 2019, Relators filed the Complaint under seal. (ECF No. 1.) On December 9, 2019, the United States informed the Court of its decision to decline intervention in the lawsuit. (ECF. No. 8.)

Having declined to intervene in this action, the United States is not a party to this litigation. Nevertheless, the United States is a real party in interest, and it retains a stake in ensuring that this matter does not compromise claims of the United States. *See United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 (9th Cir. 1994) ("in a *qui tam* action, the government is the real party in interest"); *United States ex rel. Milam v. University of Texas M.D. Anderson Cancer Center*, 961 F.2d 46, 50 (4th Cir. 1992) (the United States remains the real party in interest in a *qui tam* action regardless of whether the United States decides to intervene); *United States ex rel. McCready v. Columbia/HCA Healthcare Corp.,* 251 F. Supp.

2d 114, 120 (D.D.C. 2003) (recognizing that the United States is a real party in interest to an FCA suit, regardless of whether it has intervened).

Once the United States has notified the Court that it is not intervening, a relator can then pursue his allegations on his own.[1] In such cases, the United States neither files the complaint initiating the FCA action, nor does it serve that complaint upon the defendant. Indeed, the United States plays no role in preparing such complaints under the FCA and should not be prejudiced to the extent that a relator fails to sufficiently plead his allegations. *Bell Helicopter Textron,* 417 F.3d at 455-56 (explaining why dismissal with prejudice as to the United States was unwarranted where relator's claims were dismissed on Rule 12(b)(6) and 9(b) grounds, and dismissal was not based on the merits of relator's claims).

Similarly, the fortuity of a relator's deficient pleading ought not to preclude the United States from adequately pleading similar claims, should it gain the information necessary to do so. Indeed, "[a]lthough dismissal without prejudice provides the government with additional time to investigate the matter, the

---

[1] A decision by the United States not to intervene in a *qui tam* action is not an admission of no injury in fact or the equivalent of the United States' agreement to a dismissal with prejudice. *Bell Helicopter Textron,* 417 F.3d at 455.

opportunity is constrained by the statute of limitation provisions of the FCA." *Bell Helicopter Textron,* 417 F.3d at 456.

Neither would it be consistent with the FCA statutory scheme for the United States to be forced to intervene in every action to protect its interest in future cases. As the Fifth Circuit explained in *Bell Helicopter Textron*, if deficiencies in relator complaints resulted in dismissals with prejudice against the United States, private parties could be perversely incentivized "to file FCA suits lacking in the required particularity, knowing full well that the government would be obligated to intervene and ultimately 'fill in the blanks' of the deficient complaint." 417 F.3d at 455 (avoiding such "perverse incentives" and finding the district court abused its discretion in dismissing the claims with prejudice as to the United States).

Thus, where courts have granted a defendant's motion to dismiss a relator's deficient pleading, they have recognized that the dismissal should be without prejudice as to the United States. *Bell Helicopter Textron, Inc.,* 417 F.3d at 454-56; *see also United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 967 (9th Cir. 1999), cert. denied, 530 U.S. 1203 (2000) (dismissal of relator's complaint on defendant's motion to dismiss was with prejudice as to relator and without prejudice as to the United States); *U.S. ex rel. Pilon v. Martin Marietta*

5

*Corp.*, 60 F.3d 995, 1000 n.6 (2d Cir. 1995) (affirming dismissal of relator's complaint for failure to comply with the FCA's requirement that *qui tam* complaints be filed under seal, but noting that the Government could proceed with the claims against the defendants if it so chose); *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.,* 251 F. Supp. 2d 28, 40 (D.D.C. 2003) (granting defendant's motion to dismiss in part with prejudice as to relator, but without prejudice as to the United States). Accordingly, in the event the Court dismisses the Complaint, the United States requests that any such dismissal be without prejudice as to the United States.

## II. THE UNITED STATES SEEKS TO CLARIFY FOR THE COURT CERTAIN OF DEFENDANTS' STATEMENTS CONCERNING THE UNITED STATES' ALLEGED INVESTIGATIVE FINDINGS

The second reason the United States is filing this Statement of Interest is to clarify potentially misleading statements made by Defendants in their Motions to Dismiss regarding the United States' investigations of the allegations in Relators' Complaint. In several places, Defendants reference the United States' investigation, as well as the findings and conclusions purportedly resulting from that investigation. (*See, e.g.*, Def. Centria's Br. Supp. Mot. Dismiss Compl., ECF 31, at 1-2 ("Relators' allegation [sic] were fully investigated by the United States . . . with

6

the conclusion that there was insufficient evidence supporting that Centria committed fraud."); *id.* at 2 ("the government did not pursue any FCA claims. The lack of action by the government . . . demonstrates that any alleged non-compliance is immaterial and supports that Centria was not involved in any fraud." (emphasis removed).) In other places, Defendants speak broadly of "government" investigations, which could be construed to refer to the United States' investigation of these Relators' allegations. (*See, e.g.*, *id.* at 25 n.34, 28; Individual Defs.' Br. Supp. Mot. Dismiss Compl., ECF No. 32, at 14 n.15.)

To clarify these statements for the Court, the United States first submits that it has made no representations to Defendants articulating whether, during the course of its investigation, the United States reached any findings or conclusions regarding the merits of Relators' allegations. As indicated above, at this time, the United States is taking no position concerning the sufficiency of the allegations set forth in Relators' Complaint or the merits of the Defendants' motions to dismiss. Further, as a general matter, the United States may decline to intervene in a *qui tam* case for any number of reasons, including reasons unrelated to the merits of the allegations at issue in a particular case. Consequently, Defendants' apparent assumption – that the United States' decision to decline intervention in this case at this time necessarily

demonstrates an insufficiency of evidence to support an FCA case against Defendants – is misplaced.

## CONCLUSION

For the Foregoing reasons, the United States respectfully requests that, with respect to the pending Motions to Dismiss, if there is any dismissal of Relators' Complaint, it should be without prejudice to the United States.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/Jonny Zajac
JONNY ZAJAC
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0230
jonny.zajac@usdoj.gov
Illinois Bar No.: 6407383

Dated:   August 26, 2020